**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

MELVIN YARNELL COX                                                                                   PLAINTIFF
ADC #128710

v.                                              NO: 3:10CV00207 JLH

GARY HEFNER, *et al.*                                                                              DEFENDANTS

## ORDER

Plaintiff, currently incarcerated at the Pine Bluff Unit of the Arkansas Department of Correction, filed a *pro se* complaint, pursuant to 42 U.S.C. § 1983, (docket entry #2), on August 30, 2010, naming as Defendants Gary Hefner, A Harrisburg police officer, and Martin Lilly, a deputy prosecuting attorney.

### I.  Screening

Before docketing the complaint, or as soon thereafter as practicable, the court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A.  Fed.R.Civ.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-

236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II. Analysis

According to Plaintiff's complaint, he was arrested for terroristic threatening in connection with a February 22, 2009, incident, despite a lack of evidence, and remains in custody even though the victim did not provide a statement or press charges against him. For relief, Plaintiff requests that the charge against him be dismissed, and that he be awarded damages for, among other things, stress, slander, and false imprisonment. Because it is clear the Plaintiff is involved in an ongoing state proceeding, he may not proceed with his complaint at this time.

In *Younger v. Harris*, 401 U.S. 37, 43-45 (1971), the Supreme Court held that federal courts should abstain from interfering in ongoing state proceedings. The Court explained the rationale for such abstention as follows:

> [The concept of federalism] represent[s] . . . a system in which there is sensitivity to the legitimate interests of both State and National Governments, and in which the National Government, anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the States.

*Id*. at 44.

Accordingly, a federal court must abstain from entertaining constitutional claims when: (1) there is an ongoing state judicial proceeding; (2) the state proceeding implicates important state interests; and (3) there is an adequate opportunity in the state proceedings to raise the constitutional challenges. *Yamaha Motor Corp. v. Stroud*, 179 F.3d 598, 602 (8th Cir. 1999); *Yamaha Motor*

*Corp. v. Riney*, 21 F.3d 793, 797 (8th Cir. 1994).  If all three questions are answered affirmatively, a federal court should abstain unless it detects "bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate."  *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982).

It is clear from the complaint that Plaintiff is involved in an ongoing state judicial proceeding in connection with a criminal charge.  Given the ongoing state criminal matter, the state's clear interest in enforcing criminal laws, and Plaintiff's ability to raise constitutional challenges in the context of his criminal case, the Court believes it should abstain from entertaining Plaintiff's constitutional claims.  There is no indication of bad faith, harassment, or any other extraordinary circumstance which would make abstention inappropriate.

Having determined that the Court should abstain from entertaining Plaintiff's claims, it must decide whether to dismiss, or to stay, the case.  When *Younger* abstention applies in a case where only injunctive or equitable relief is sought, it is clear that the appropriate disposition is dismissal of the federal action.  *Night Clubs, Inc. v. City of Fort Smith*, 163 F.3d 475, 481 (8th Cir. 1998).  However, in *Stroud*, 179 F.3d at 603-04, the Eighth Circuit explained that:

> When monetary damages are sought in addition to injunctive relief and the federal court is not asked to declare a state statute unconstitutional in order to award damages, the case should not be dismissed.  As long as there may be issues which will need to be determined in federal court, a stay rather than a dismissal is the preferred procedure to use in abstaining.

*Id.* at 603-04 (internal citations omitted).

Here, Plaintiff seeks damages, and does not seek a declaration that a state statute is unconstitutional.  Accordingly, Plaintiff's complaint should be stayed and administratively terminated.

3

### III. Conclusion

IT IS THEREFORE ORDERED THAT:

1.  The Clerk of the Court is directed to stay and administratively terminate this proceeding pending final disposition of Plaintiff's criminal charge.

2.  This case is subject to reopening upon Plaintiff's filing of a motion to reopen the case after such final disposition.

DATED this 2nd day of September, 2010.

_____
UNITED STATES DISTRICT JUDGE